IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| CAMP'S GROCERY, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v | ) CIVIL ACTION NO.: |
| | ) |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) |
| | ) |
| Defendant, | ) |

## COMPLAINT

### NATURE OF ACTION AND RELIEF SOUGHT

1. This is an action for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

2. Plaintiff seeks a declaration that Defendant owes a duty to defend, a duty to pay attorney fees and costs incurred to date and a duty to indemnify an alleged subsequent judgment, if any, for the claims alleged against Camp's Grocery, Inc. in the action styled *Alabama Teachers Credit Union, et al. v. Camp's Grocery, Inc.*, CV-2015-900661, Circuit Court of Etowah County, Alabama. (Hereinafter the "Etowah County Case").

### JURISDICTION AND VENUE

3. Camp's Grocery, Inc. (hereinafter "Camp's") is a corporation organized and existing as a resident under the laws of Alabama with its principal place of business in Etowah County, Alabama.

4. State Farm Fire and Casualty Company (hereinafter "State Farm") is a corporation and resident organized and existing under the laws of the State of Illinois and doing business in Etowah County, Alabama.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. There is complete diversity between the Plaintiff and Defendant, and the amount in controversy alleged in the Etowah County Case exceed $75,000.

6. Venue is proper in the Northern District of Alabama pursuant to 28 U.S.C. § 1391 (a) and (c) because the insurance contracts at issue were issued in the Northern District and the events at issue took place in the Northern District.

## GENERAL ALLEGATION

A. **The Underlying Action**

7. On August 17, 2015, Camp's Grocery was sued in the Circuit Court of Etowah County, Alabama by three (3) credit unions. See *Alabama Teachers Credit Union, et al. v. Camp's Grocery, Inc.*, CV-2015-9000661. (See attached **Exhibit "A"**) (Hereinafter "Etowah County Case").

8. Paragraph 5 of the Etowah County Case, Plaintiff's allege "data security breaches" and "compromised" credit cards and debit cards.

9. The Etowah County Case Plaintiffs allege negligence, misrepresentation, deceptive sales practices, breach of contract and "improper retention of certain customer confidential information" and failure to maintain encryption and prevention procedures on the computer system. (Etowah County Case, ¶¶ 5).

**B.     The State Farm Policy Issued To Camps**

10.    Prior to and concurrent with the August 17, 2015 Etowah County Case, Plaintiff Camp's maintained insurance through Defendant State Farm, Insurance Polity #93-E2-0948. ("Policy"). Plaintiff's Policy includes an Endorsement for Inland Marine Computer Property liability and coverage. (See endorsements attached as **Exhibit "B"**).

11.    On May 1, 2015, Camp's sent its initial notice of a potential lawsuit and claim to State Farm and requested a defense and coverage under the Policy.

12.    On August 22, 2015, Camp's was served with the summons and complaint in the Etowah County Case. On August 25, 2015, Camp's sent a copy of the Etowah County Case complaint to State Farm seeking a defense and coverage under the Policy.

13.    On October 30, 2015, State Farm denied Camp's request for a defense in the Etowah County Case. The denial letter did not identify or otherwise discuss the Inland Marine Computer Property endorsement coverage.

14.    On December 1, 2015, Camp's sent a response letter to State Farm, which addressed State Farm's failure to review the Policy Inland Marine Computer Property Endorsement.

15.    Plaintiff Camp's notified State Farm that the Policy Inland Marine Computer Property endorsement expands coverage to Camp's for "Computer Programs and Electronic Data".

16.    Camp's Policy Inland Marine endorsements state, in pertinent part, as follows:

FE-8739 INLAND MARINE CONDITIONS

Coverage in the Inland Marine Form is primary to any coverage provided in the policy this Form is attached to, for the same property.

    4.    Loss Payment. In the event of loss covered by this policy:

        d. We may elect to defend you, at our expense, against suits arising from claims of owners of property;

17.    FE-8743 INLAND MARINE COMPUTER PROPERTY FORM EXTENSION OF COVERAGE

    1.    Computer Programs And Electronic Data

        a.    We will pay for accidental direct loss to:

            (1) The following types of "computer programs" and "electronic data" that you own, license from others, lease from others, or rent from others;
            (a) "Computer programs" used in your business operations;
            (2) That portion of your customer "electronic data" that is Supplied to you for processing or other use in your business operations. Coverage for customers' "electronic data" is limited to the specific data file(s) containing the information you are processing or using in your business operations.

    DEFINITIONS

    4. "Electronic data" means information, facts or "computer programs" stored as or on, created or used on, or transmitted to or from "computer" software (including systems and applications software), on hard or floppy disks, CD-ROMS, tapes, drives, cells data processing devices or any other repositories of "computer" software which are used with electronically controlled equipment."

18. To date, State Farm has failed to provide a defense to the Etowah County Case.

## COUNT ONE

19. Plaintiff incorporates by reference paragraphs 1 through 18 as if fully set forth herein.

20. Plaintiff contends that State Farm owes a duty to defend, a duty to pay Camp's attorney fees and costs incurred to date and a duty to indemnify Plaintiff Camp's Grocery in the Etowah County Case because the claims alleged against Camp's Grocery, Inc. in the underlying action are within coverage.

21. Upon information and belief, Defendant State Farm disputes these contentions.

22. Accordingly, an actual controversy has arisen and now exists between Plaintiff and Defendant regarding the legal rights and duties of Defendant State Farm with respect to the duty to defend and a duty to indemnify Camp's Grocery, Inc. in the Etowah County Case.

23. Plaintiff requests a judicial declaration that State Farm owes a duty to defend, a duty to pay Camp's attorney fees and costs incurred to date and a duty and a duty to indemnify Camp's Grocery, Inc. in the Etowah County Case. This determination is necessary and appropriate at this time so the parties can ascertain their rights, duties and obligations under the Policy.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Camp's Grocery, Inc. respectfully requests judgment in their favor and against Defendant, State Farm as follows:

A) Declaring that State Farm owes a duty to defend and a duty to indemnify Plaintiff Camp's Grocery for the claims raised on the Etowah County Case.

B) Declaring that State Farm pay attorney fees for defense costs and expenses accrued or incurred to date for Plaintiff Camp's Grocery's defense of the Etowah County Case.

C) Awarding Plaintiff such other relief as the Court seems just.

Respectfully submitted,

*/s/ Jeff S. Daniel*

Jeff S. Daniel (ASB-2335-D62J)
LAW OFFICE OF JEFF S. DANIEL, P.C.
Post Office Box 131323
Birmingham, Alabama 35213
Telephone:   (205) 531-1287
Facsimile:   (205) 327-5773
Email: jsd10@bellsouth.net

Attorney for Camp's Grocery, Inc.

**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL**

<u>Defendant's Address:</u>

State Farm Fire and Casualty Company
C/O CSC Lawyer Inc., Agent for Service
150 South Perry St.
Montgomery, AL 36104